**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Frank Rodriguez Tellez,

      Petitioner,

      v.                                 Case No. 2:26-cv-02330-BCL-atc

CHRISTOPHER BULLOCK,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

      Respondent.

---

**ORDER DENYING § 2241 PETITION**

---

Petitioner Frank Rodriguez Tellez has filed a Petition for Habeas Corpus under 28 U.S.C.
§ 2241, by which he challenges his detention without a bond hearing. Doc. 1 at 1. As to the merits
of the Petition for habeas corpus, the Petition (Doc. 1) is **DENIED** for the reasons that follow.

## BACKGROUND

Petitioner, a citizen of Cuba, entered the United States in March of 2021. Doc. 1 at 3. Upon
his arrival, Department of Homeland Security ("DHS") officials processed him for immigration
court removal proceedings. *Id*. Following this initial investigatory review, DHS released Petitioner
into the interior of the United States pursuant to 8 U.S.C. § 1226(a) (INA § 236(a)). *Id*. For five
years, DHS supervised his residence through virtual and physical check-in appointments. *Id*.

In March 2026, Petitioner appeared at the Immigration and Customs Enforcement ("ICE")
office for his routine scheduled check-in and was taken into custody. *Id*. at 4. Petitioner is currently
detained at the West Tennessee Detention Facility in this district. *Id*. Petitioner alleges that he has

not received a bond hearing to which he claims to be entitled by law. *Id.* Petitioner seeks his release or an individualized bond hearing under 8 U.S.C. § 1226(a). *Id.* at 15.

## LEGAL STANDARD

Section 2241 authorizes a court to issue a writ of habeas corpus when an individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An alien seeking to challenge his detention relating to removal proceedings may in some circumstances seek relief through a Section 2241 petition. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Section 2243 directs the judge entertaining an application for a writ of habeas corpus to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The last clause of Section 2243 imposes "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face," as where "the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## ANALYSIS

The Court denies the Petition because Petitioner's claims fail on their merits. The exhaustion doctrine does not bar review of Petitioner's claims, but Petitioner's detention without a bond hearing violates neither the Immigration and Nationality Act nor the Fifth Amendment's Due Process Clause.

I.      **Petitioner's claims challenging application of 8 U.S.C. § 1225 fail because he is an "applicant for admission."**

A.  **The Exhaustion Doctrine does not preclude review of Petitioner's claims.**

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v.*

2

*Madigan*, 503 U.S. 140, 144 (1992). That requirement makes obvious sense when Congress requires exhaustion. It arguably makes less sense when, as in Section 2241, Congress has not done so. Perhaps the so-called prudential exhaustion doctrine—a matter of "sound judicial discretion," *id.*—can be explained as an aspect of ripeness, the idea being that there is no ripe dispute if the Executive Branch has not had its final say. Or perhaps it is a shirking of the federal courts' "virtually unflagging" duty to exercise jurisdiction in cases properly before them. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).

In any event, both the Supreme Court and the Sixth Circuit have embraced the doctrine, which is thus binding on this Court. *See, e.g.*, *McCarthy*, 503 U.S. at 144; *see also Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted).

True, the exhaustion requirement can be excused if exhaustion would be futile. But, as the Sixth Circuit has recently explained, in determining whether exhaustion would be futile, "the crucial inquiry [is] whether the agency can provide the relief requested if the argument succeeds, not whether it is likely to succeed." *Smith v. United States Securities & Exchange Commission*, --- F.4th --, 2026 WL 850806, at *7 (6th Cir. 2026).[1]  And, here, the Immigration Judge or Board

---

[1] *Smith* addressed the futility exception in the context of an express exhaustion requirement that excepted situations in which "there was reasonable ground for … failure to" exhaust. *Id.* at *5 (quoting 15 U.S.C. § 78y(c)(1)). That makes no difference: There is no logical reason for treating

of Immigration Appeals could certainly grant petitioner a bond hearing or release on bond if he were to prevail on his claims; indeed, the whole theory of his claims is that the law compels the IJ to give him such a hearing (and not, say, that the federal courts should be stepping in to run bond proceedings on a categorical basis). Petitioner's statutory claims are thus barred by the exhaustion doctrine.[2] However, as petitioner notes, his constitutional claims are not barred by the exhaustion requirement because "the BIA cannot adjudicate the constitutionality of the statutes it administers." Doc. 1 at 5 (citing *Bangura v. Hansen*, 434 F.3d 487, 494 (6th Cir. 2006)).

In sum, Petitioner's statutory claims are barred by the exhaustion doctrine, and are due to be rejected for that reason alone.

### B. Under the governing statutes, Petitioner is an "applicant seeking admission" subject to mandatory detention.

Even if they were not barred by the exhaustion doctrine, Petitioner's statutory claim fails on the merits. Petitioner's statutory eligibility for a bond hearing is determined by whether his detention is governed by 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a). Section 1225(b)(2) provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). In contrast, Section 1226(a) provides, in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General--

---

the concept of futility differently in the context of a prudential rule than in the context of a statute with a generally worded exception that encompasses the concept of futility.

[2] The undersigned has in several similar cases concluded that the exhaustion doctrine did not bar petitioners' claims. The Court now reached a different conclusion based on the Sixth Circuit's recent clarification of the law in *Smith*.

4

**(1)** may continue to detain the arrested alien; and

**(2)** may release the alien on--

> **(A)** bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> **(B)** conditional parole . . . .

8 U.S.C. § 1226(a)(1)–(2). Petitioner argues that he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). Doc. 1 at 5-8.

The Court disagrees. "Congress defined 'applicant for admission' broadly in Section 1225(a)(1) to include all 'alien[s] present in the United States who have not been admitted.'" *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 504 (5th Cir. 2026); *see* 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.").[3] That definition encompasses Petitioner because he admits that he is present in the United States without ever having been legally admitted. *See* Doc. 1 at 3; *Avila v. Bondi*, -- F.4th --, 2026 WL 819258, at *4 (8th Cir. 2026). The passage of time makes no difference. Unless and until Petitioner is granted authorization and lawfully admitted into the United States, he remains an "applicant for admission."

---

[3] Statutory language underscores the point in providing that "'admission'. . . mean[s], with respect to an alien, the *lawful* entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13) (emphasis added). Until his entry into the United States is lawful, Petitioner remains an "applicant for admission," and thus his detention during removal proceedings is mandatory under Section 1225(b)(2). *See Avila v. Bondi*, -- F.4th --, 2026 WL 819258, at *2 (8th Cir. 2026).

As such, the Petitioner's detention during removal proceedings is mandatory under Section 1225(b)(2) because Petitioner is an "applicant for admission." Petitioner's challenge to that detention therefore fails.

**II.    Subjecting Petitioner to mandatory detention as required by a faithful interpretation of Section 1225 does not violate the Due Process Clause.**

Petitioner's remaining arguments relate to Due Process. Petitioner claims that his detention without a bond hearing violates the Due Process Clause. Doc. 1 at 11 (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). In addition, Petitioner asserts that Due Process prevents the government from detaining him now without a new independent ground for arrest. *Id.* at 13.

"[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citing *The Japanese Immigrant Case*, 189 U.S. 86, 100–101 (1903)). But, when a noncitizen has not been lawfully admitted to the United States, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" because such noncitizens have "only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138, 140 (2020). This is the result of "the so-called 'entry fiction' theory of immigration law," under which "[a]liens who have not 'entered the United States within the meaning of the law,' i.e., who were never lawfully admitted and do not have leave to remain, are 'still in theory of law at the boundary line,'" *Gonzalez v. Ladwig*, No. 2:26-cv-02017-MSN-atc, 2026 WL 413602, at *11 (W.D. Tenn. 2026) (Norris, J.) (quoting *Kaplan v. Tod*, 267 U.S. 228, 230–31 (1925)), where they have only those rights provided by Congress. *See Thuraissigiam*, 591 U.S. at 140. And, here, Congress did not provide a right to a bond hearing. 8 U.S.C. § 1225(b)(2)(A). *Zadvydas v. Davis* in no way suggests that the Constitution requires every noncitizen facing removal be given a bond hearing during the pendency of those removal proceedings, no matter

6

how brief. *See Buenrostro-Mendez*, 166 F.4th at 508. As to Petitioner's argument that his recent arrest violates due process because it is "without new cause," Petitioner cites—and the Court is aware of—no authority establishing that the Due Process Clause prevents the Government from detaining an alien in compliance with the law simply because he was earlier wrongly released when he crossed the border illegally.  The Court will not impose that extreme rule in the absence of authority compelling it.

Neither the governing statutes nor the Constitution guarantee Petitioner an individualized bond hearing in connection with removal proceedings. Those claims therefore cannot support the Petition. Accordingly, it is apparent from the application that Petitioner is not entitled to the writ. 28 U.S.C. § 2243.

## **CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED TO CLOSE THIS CASE**.

**IT IS SO ORDERED**, this 31st day of March, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE