**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

FRANK RODRIGUEZ TELLEZ,

      Petitioner,

      v.                           Case No. 2:26-cv-02330-BCL-atc

CHRISTOPHER BULLOCK,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

      Respondent.

---

**ORDER DENYING MOTION TO ALTER JUDGMENT**

---

Petitioner Frank Rodriguez Tellez has filed a Motion to Alter Judgment (Doc. 9) under Federal Rule of Civil Procedure 59(e) by which he asks this Court to revisit the denial of his counseled habeas petition (Doc. 1). Petitioner's Motion to Alter Judgment (Doc. 9) is **DENIED** for the reasons that follow.

Petitioner expresses broad disagreement with the Court's decisions concerning exhaustion and the meanings and respective scopes of the relevant statutes. But motions under Rule 59 are not the place to rehash arguments that Plaintiff has already made in his petition, and which already have been rejected. *See Hawkins v. Tenn. Bd. of Prob. & Paroles*, No. 07–2326–B/P, 2008 WL 313453, at *1 (W.D. Tenn. Feb. 1, 2008) ("The Rule 59(e) motion may not be used to relitigate old matters."). The proper avenue for rearguing issues is appeal, *see Keweenaw Bay Indian Cmty. v. Mich.*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), and indeed some of the issues raised by Petitioner's petition are already pending before the Sixth Circuit in *Lopez Campos v. Raycraft*, No. 25-1965, which was argued on March 18, 2026. (Petitioner of course remains free to file his own

1

notice of appeal, assuming he does so in compliance with governing statutes and rules.). And, to the extent Petitioner intended his Motion to Alter Judgment to advance new arguments that he did not include in his Petition doing so likewise provides no basis for relief under Rule 59(e). *See, e.g.*, *McBride v. Skipper*, 76 F.4th 509, 518 (6th Cir. 2023) ("Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." (quotation marks and citation omitted)); *In re East Palestine Train Derailment*, 160 F.4th 751, 759 (6th Cir. 2025) (same).

Petitioner's arguments do not provide a basis for relief under Rule 59(e) and, independently, do not persuade the Court that its Order denying the petition rests on error. Petitioner's remedy, if any, is with the Sixth Circuit, which will soon resolve some of the issues raised by Petitioner's claims. Petitioner's Motion (Doc. 9) is **DENIED**.

**IT IS SO ORDERED**, this 6th day of May, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

2